Leopoldo Torres **MARTINEZ**; et al., Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 08–71096.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 18, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Leopoldo Torres Martinez, Los Angeles, CA, pro se.

Maria Beatriz Hibarra–Silbestre, Los Angeles, CA, pro se.

Aaron Torres Ibarra, Los Angeles, CA, pro se.

Sandra Torres Ibarra, Los Angeles, CA, pro se.

OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen and reconsider removal proceedings.

We review the BIA's ruling on motions to reopen and motions to reconsider for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Further, such alien is limited to filing one motion to reconsider a removal decision, and that motion must be filed within 30 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(6)(A), (B); 8 C.F.R. § 1003.2(b)(2).

■ Because petitioners' motion was their second motion to reopen, it was filed beyond the 90–day deadline, and no exceptions applied, the BIA did not abuse its discretion in denying petitioners' motion as numerically barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Further, to the extent the BIA construed petitioners' motion as a motion to reconsider, the BIA did not abuse its discretion in denying the motion as both untimely and because it failed to specify any error in law or fact in the prior removal order. *See* 8 U.S.C. § 1229a(c)(6)(A), (B); 8 C.F.R. § 1003.2(b)(1), (2).

Accordingly, respondent's motion for summary disposition is granted because

ed by 9th Cir. R. 36–3.

the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**